HEBERT, TREASURER, &C. *vs.* MAILLAN ET AL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

The power of establishing ferries, is now vested in the police juries of the several parishes.

The power of establishing ferries by the police jury in the several parishes, is *sufficient* for all the inhabitants, whether of a town adjacent to a stream, or any others, to cross the streams which border on them; so the town council have not this power.

This is an action by the parish treasurer, of the Parish of Iberville, to recover from the defendants the amount of four promissory notes given for the lease of the ferry across the Bayou Plaquemine, at the town of Plaquemine, in the parish of Iberville, by the police jury of said parish, for one year from the 12th November, 1838.

The defendants admitted their signatures, but averred there was a failure of consideration, inasmuch as the police jury, who sold the ferry, had no authority, having no jurisdiction over said ferry, on either side of said Bayou: But that the city council of the town of Plaquemine claimed and exercised the rights of establishing said ferry, and had, by public notice and sale, actually let said ferry to one E. Decaudine, who has been in the possession and use of the same, to the exclusion of the defendants. The defendant Maillan, avers that he has sustained damages in consequence of the acts of the police jury in selling him their pretended right to this ferry, and not putting him in possession and defending him in the enjoyment thereof. He prays that the plaintiff's demand be rejected, the notes cancelled and given up, and that he have judgment for one thousand dollars in damages.

It was admitted that the notes were given for the sale of the ferry at Plaquemine, for a year, by the police jury; and

EASTERN DIST.
January, 1841.

HEBERT, TREA-
SURER, &c.
vs.
MAILLAN ET AL.

that the same ferry had been sold by the corporation of the town of Plaquemine, to E. Decaudine, fils.

On this evidence and the law concerning ferries, and the act of incorporation of the town of Plaquemine, there was a verdict and judgment for the plaintiff, for the amount of the notes sued on. The defendants appealed.

*Edwards*, for the plaintiff, insisted that the judgment was correct, and should be affirmed.

*Burke*, for the appellants, submitted the case on a written argument.

*Martin, J.*, delivered the opinion of the court.

The defendants are appellants from a judgment on their four several promissory notes, given for the price of a ferry across the Bayou Plaquemine, for one year from the 12th of November, 1838. They admit their signatures to the notes, but aver that they were given without consideration, through error of law and fact, or if ever any existed, the consideration has failed, because the jurisdiction or authority to sell out said ferry, belonged to the town of Plaquemine, and not to the police jury. That, at about the same time, the town council of Plaquemine sold said ferry, or the side next to the town, to one Emilé Decaudine, who has remained in the undisturbed possession and use of the said ferry, to the disturbance and exclusion of the defendants.

The sole question which this case presents, is the legality of the adjudication made by the police jury to the defendant Maillan, and *that* of the adjudication made by the city council of Plaquemine, of the same ferry, for the same period to Decaudine: both of these licenses being for ferries across the Bayou Plaquemine, and opposite to the town.

By a general law of the state, the right of establishing ferries, was vested in the judges of every county, 1 *Moreau's Digest*, 474; and when a stream divided two counties, the license authorized the keeper of the ferry to take and land

passengers and goods on either side of it.    Afterwards, the
power, theretofore vested in the county judges, was transfer-
red to the police jury of each parish. 2 *Moreau's Digest*, 242,
sec. 5, *No*. 9.

The defendant contends, that the act of incorporation of
the town of Plaquemine, has divested the police jury of that
parish, of the right of establishing ferries within said town.
That act is entirely silent in regard to ferries, but contains a
clause which divests the police jury of all jurisdiction within
the town limits, except as relates to parish taxes.

It cannot be contended that the police jury have not the
right of establishing a ferry across the Bayou Plaquemine
opposite to the town, and that the license granted by them
would not authorize the grantee or lessee to take in and land
passengers and goods, on either side of the stream, even if
the town was in another parish, or what is perhaps the same
thing, the corporation had a right to establish ferries.    But
the town is in the parish, and the act of incorporation does
not give to the council the right of establishing ferries.    The
council cannot claim it by implication, for the power of the
police jury is sufficient to afford to the inhabitants of the
town all the necessary facilities to cross the streams which
border on it.

It appears to us the District Court did not err in recogniz-
ing the legality of the adjudication by the police jury.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*January*, 1841.

HEBERT, TREA-
SURER, &c.
*vs.*
MAILLAN ET AL.

The power of establishing ferries is now vested in the police juries of the several parishes. The power of establishing ferries by the police jury in the several parishes, is *sufficient* for all the inhabitants, whether of a town adjacent to a stream, or any other, to cross the streams which border on them, so the town council have not this power.